In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Charles J. HAUSMANN, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Charles J. HAUSMANN, Respondent.

Supreme Court

*No. 2004AP156–D. Decided May 17, 2007.*

2007 WI 54

(Also reported in 731 N.W.2d 270.)

¶ 1. PER CURIAM. We review a referee's report recommending that Charles Hausmann's license to practice law in Wisconsin be reinstated.

¶ 2. We adopt the referee's findings of fact and conclusions of law and agree that Attorney Hausmann's license to practice law should be reinstated. We direct Attorney Hausmann to pay the costs of the reinstatement proceeding, which total $4051.43 as of December 7, 2006.

¶ 3. Attorney Hausmann was admitted to practice law in Wisconsin in 1971. Before the matter giving rise to this reinstatement proceeding he had no prior disciplinary history.

¶ 4. Attorney Hausmann's license to practice law was suspended for one year, effective August 30, 2005, in the wake of a federal conviction for conspiracy to commit mail and wire fraud in connection with a "kickback scheme" involving a referral and billing arrangement with chiropractor Scott Rise, who was also prosecuted.[1]

¶ 5. In the criminal proceeding, Attorney Hausmann was sentenced to two months of imprisonment, 16 months of supervised release, and 40 hours of community service. He was also fined $10,000 and he and Rise were ordered to pay restitution to the clients

---

[1] Rise was convicted in federal court following a jury trial on the conspiracy charge. Both he and Attorney Hausmann appealed and their appeals were consolidated. On September 22, 2003, the United States Court of Appeals for the Seventh Circuit affirmed both convictions. *United States v. Hausmann*, 345 F.3d 952 (7th Cir. 2003).

in the amount of $77,062.87, jointly and severally. Subsequently, with the assistance of his law firm, Hausmann-McNally, S.C., Hausmann paid the restitution in full.

¶ 6. In the disciplinary proceeding, this court accepted a stipulation that Attorney Hausmann had committed two counts of professional misconduct violating SCR 20:1.7(b)[2] and SCR 20:8.4(b).[3] *See In re Disciplinary Proceedings Against Hausmann,* 2005 WI 131, 285 Wis. 2d 608, 699 N.W.2d 923. Attorney Hausmann was ordered to pay the costs of the disciplinary proceedings which totaled $14,431.78. *Id.,* ¶ 3

¶ 7. Attorney Hausmann now seeks reinstatement of his license to practice law in Wisconsin. Richard Esenberg was appointed referee in the matter and conducted a formal hearing on the reinstatement petition. The referee filed his report and recommendation on November 20, 2006. The Board of Bar Examiners (BBE) joins in that favorable recommendation and the Office of Lawyer Regulation (OLR) does not oppose the referee's recommendation.

---

[2] SCR 20:1.7(b) provides in pertinent part: Conflict of interest: general rule.

> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

> (1) the lawyer reasonably believes the representation will not be adversely affected; and

> (2) the client consents in writing after consultation. . . .

[3] SCR 20:8.4(b) provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

¶ 8.  SCR 22.31(1) provides the standard for reinstatement of a law license. The petitioner has the burden of demonstrating "by clear, satisfactory, and convincing evidence" that the lawyer has the moral character to practice law, that the lawyer's resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that the lawyer has complied with SCR 22.26 and the terms of the suspension. In addition, SCR 22.29(4) sets forth related requirements that a petition for reinstatement must show. All of these additional requirements are effectively incorporated into SCR 22.31(1).

¶ 9.  At the reinstatement hearing, Attorney Hausmann called three witnesses who testified in support of his petition for reinstatement and he offered numerous supportive letters and testimonials. The OLR opposed the reinstatement petition in proceedings before the referee, but did not appeal the referee's recommendation for reinstatement.

¶ 10.  The referee in this case concluded that Attorney Hausmann had met all of the criteria for reinstatement and that he had met his burden of demonstrating that his license to practice law in Wisconsin should be reinstated. The referee particularly noted that Attorney Hausmann performed extensive community service work during the period of his suspension. The referee did note that the OLR questioned whether Attorney Hausmann had met the requirements of SCR 22.29(4)(f)[4] and SCR 22.29(4)(g).[5] At the hearing on the petition for

---

[4] SCR 22.29(4)(f) queries whether [t]he petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

[5] SCR 22.29(4)(g) queries whether:

reinstatement OLR suggested that Attorney Hausmann has "yet to fully acknowledge the nature and severity of the misconduct in which he engaged." As the referee observed, this concern derives at least in part from Attorney Hausmann's position during the criminal proceeding and in the prior disciplinary proceeding that the kickback scheme did not actually harm anyone.

¶ 11. The referee, however, expressed reluctance to place great weight on arguments made in a lawyer's own defense in a criminal prosecution. The referee considered this issue carefully, analyzing Attorney Hausmann's testimony and concluding that Attorney Hausmann had adequately demonstrated that he understood the various levels of harm arising from his conduct. On balance, the referee concluded, that Attorney Hausmann "has demonstrated a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with them."

¶ 12. The referee also evaluated Attorney Hausmann's fulfillment of the requirement that he pay restitution, in light of the fact that Attorney Hausmann's law firm assisted with the restitution payment. *See* SCR 22.29(4m).[6] The referee noted that

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

[6] SCR 22.29(4m) states that "[t]he petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments

Attorney Hausmann clearly expressed his intent and desire to reimburse the firm in total.

¶ 13. Upon review of the record we agree that Attorney Hausmann has established by clear, satisfactory, and convincing evidence that he has satisfied all the criteria necessary for reinstatement. Accordingly, we adopt the referee's findings of fact and conclusions of law and we accept the referee's recommendation to reinstate Attorney Hausmann's license to practice law in Wisconsin. We further direct Attorney Hausmann to pay the costs of the reinstatement proceeding.

¶ 14. IT IS ORDERED that the petition for reinstatement of the license of Charles J. Hausmann to practice law in Wisconsin is granted, effective the date of this order.

¶ 15. IT IS FURTHER ORDERED that within six months of the date of this order Charles J. Hausmann pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Charles J. Hausmann to practice law in Wisconsin shall be suspended until further order of the court.

made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so."